# EPSTEIN SACKS PLLC

## ATTORNEYS AT LAW

### 100 LAFAYETTE STREET - SUITE 502

### NEW YORK, N.Y. 10013

### (212) 684-1230

### Fax (212) 571-5507

BENNETT M. EPSTEIN: (917) 653-7116
SARAH M. SACKS: (917) 566-6196

June 11, 2026

Honorable Nina R. Morrison
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Filed on ECF**

<u>United States v. Sultana Razia</u>
23 Cr. 278 (NRM)

Dear Judge Morrison:

We write this letter with respect to certain exhibits the Government intends to move into evidence tomorrow through Special Agent Sarah Van Fossen, the agent who was present for Ms. Razia's post arrest statement. These exhibits present only snippets of what was over an hour of interrogation in ways that will unfairly mislead the jury. For the reasons described below, the Court should admit Ms. Razia's entire post arrest statement (GX 301) or in the alternative, require the Government to add additional portions of the post arrest statement to its planned exhibits under the rule of completeness.

Although because of hearsay rules a defendant generally cannot seek admission of their own statements, when the Government seeks to introduce only portions of what a defendant said, omitted portions of that statement are properly introduced to correct a misleading impression or place in context the portion otherwise admitted. *See United States v. Williams*, 930 F.3d 44, 60 (2d Cir. 2019) ("it is *for this very reason* admissible for a valid, *nonhearsay* purpose: to explain and ensure the fair understanding of the evidence that has already been introduced") (original emphasis). Even if the statements a defendant wants to introduce are hearsay, they "must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure the fair and impartial understanding of the admitted portion." *Id. quoting United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007). Federal Rule 106, known as "the rule of completeness," appropriately allows admission of some otherwise inadmissible evidence when a court finds "in fairness that the proffered evidence should be considered contemporaneously." *Id. quoting United States v. Sutton*, 801 F.2d 1346, 1368 (D.C. Cir. 1986).

Here, the clips the Government intends to introduce are misleading if not supplemented for at least two reasons: because of Ms. Razia's clear English language deficiency and because the segments they have crafted cut her statements off midstream.

When viewing her post arrest statement in its entirety, it is clear that Ms. Razia struggled to properly express herself in the English language. Some of her answers showed that she did not fully understand certain questions (despite this, the agents never offered to provide her with an interpreter). Throughout the interview, Ms. Razia also consistently struggled to properly use the past tense, instead almost exclusively defaulting to the future tense (for example, stating "I'm gonna" or "he's gonna") when describing things that clearly happened in the past. Introducing the entire post arrest statement would provide the jury with this important context so that they can understand and decide what weight to give to her statements because of the limited English proficiency, something that is only fully understood by viewing the statement in its entirety.

For example, during the interrogation, law enforcement officers asked Ms. Razia no less than four times whether she knew beforehand that Abu Chowdhury had intended to grab and beat Mubarak Dewan and each time she denied it. (*See* GX 301 at 1:36; 1:40; 1:41; 2:05.) Yet, because of her improper use of the future instead of the past tense, the smaller clips the Government wants to admit could mislead the jury to believe that Ms. Razia knew Chowdhury's plans in advance. (*See* GX301D-S (stating that Chowdhury said "I'm gonna call him and ask him some questions" and GX301E-S stating "Abu gonna call me … he gonna catch Mubarak" when she meant that these things happened in the past.) The snippets also misleadingly leave out the contemporaneous section of the post arrest statement where Ms. Razia described to the agents that Abu Chowdhury had already taken Mr. Dewan before he called her and summoned her to come meet them to prove that she had not taken Mr. Dewan's money. (*See* GX 301 at 1:36.)

In addition, GX 301C-S shows a section of the interrogation where the agents elicited from Ms. Razia that she thought Mr. Dewan deserved the beating he got from Abu Chowdhury. However, this segment unfairly cuts off the immediate explanation that follows as to why she felt that way. (*See* GX 301 at 1:35.)

For these reasons, we respectfully submit that the Government should offer GX 301 in its entirety, or at the very least the additional portions described herein under the rule of completeness.

Respectfully submitted,

/s/ Sarah M. Sacks
/s/ Bennett M. Epstein

2